IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON GORRELL, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS C. SNEATH, et al., <br><br> Defendants. | Case No.: 1:12-cv-00554-JLT <br><br> **ORDER DISREGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** <br><br> (Doc. 23). |

Plaintiff Wilson Gorell ("Plaintiff") is an inmate currently incarcerated at the Federal Satellite Low ("FSL") in Jesup, Georgia proceeding in forma pauperis. (Doc. 3). Before the Court is Plaintiff's Motion for Default Judgment against all defendants. (Doc. 23). For the following reasons, Plaintiff's motion for default judgment as to all defendants is DISREGARDED.

**I. Procedural History**

On March 9, 2012, Plaintiff filed a diversity action pursuant to 42 U.S.C. §1331 against a California domiciled company, National Toxicology Laboratories, Inc. ("NTL") and two of its employees, Thomas Sneath and Hasmukh Shah (collectively referred to as "NTL Defendants").[1]

---

[1] Plaintiff claims to be a party to a Bivens action and a Habeas action in the Georgia federal court system based on the same underlying facts of this case. However, only the diversity case against the NTL Defendants was transferred to this Court.

1

The Court has screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found that it states cognizable claims against Defendants for negligence and defamation (including slander and libel) only. (Doc. 7).

On July 19, 2012, Defendants filed their waivers of personal service. (Doc. 16). On August 6, 2012, Defendants filed an Answer to Plaintiffs' complaint. (Doc. 18). Also, on August 6, 2012, Plaintiff filed a motion for judgment seeking default judgment based upon Defendants' failure to answer within 21 days. (Doc. 17). On August 7, 2012, the Court disregarded Plaintiff's motion and informed him that the 21-day deadline did not apply, given that Defendants were not personally served. (Doc. 20). The Court's order also informed Plaintiff that Defendants' Answer was timely. (Doc. 20).

Despite the Court's August 7, 2012 Order, Plaintiff has now filed as second motion for default judgment against Defendants. (Doc. 23).

**II.    Discussion**

Federal Rule of Civil Procedure Rule 55(a) explains that "when a party against whom a judgment for affirmative relief is sought **has failed to plead or otherwise defend** . . ." the clerk must enter the party's default. Here, the Defendants have timely filed an Answer to Plaintiff's Complaint. (Doc. 18). Thus, there is no basis for Plaintiff's current motion.

Plaintiff's Motion not only reasserts his claim that Defendants' Answer is untimely, he also objects to the content of the Answer. (Doc. 23). The Court appreciates the fact that Plaintiff is proceeding pro se; however, as the Court previously informed Plaintiff, that fact does not relieve him of his obligation to file papers that are legally sound and which are supported by proper legal authorities and analysis. A simple reading of the Court's prior orders makes clear that the timeliness of Defendants' Answer has already been determined by this Court and the Court will not entertain any further motions on the issue. Likewise, a review of Rule 55(a) (cited above) makes clear that a default judgment will not be entered where a party has answered the complaint. With regard to Plaintiff's Objections to the content of the Answer, Plaintiff is advised that a Motion for Default Judgment is not the proper vehicle to challenge a party's answer. If Plaintiff believes that he needs to challenge Defendants' Answer to properly prosecute his case

against Defendants, Plaintiff is obligated to research the proper way to do so.

This is now the third procedurally improper filing made by Plaintiff since the beginning of August. Therefore, Plaintiff is admonished, once again, that he may file only procedurally proper motions that are supported by analysis and legal authorities (including the local rules of this Court and the Federal Rules of Civil Procedure).  For the reasons set forth above, the Court DISREGARDS Plaintiff's motion for default judgment. (Doc. 23).

IT IS SO ORDERED.

Dated:   **September 19, 2012**             **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE