**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILSON GORRELL, | ) Case No.: 1:12-cv-0554 - JLT |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | ) |
| | ) (Doc. 39) |
| THOMAS SNEATH, et al., | ) ORDER GRANTING PLAINTIFF'S REQUEST FOR A COPY OF THE COURT'S DOCKET, AND DIRECTING THE CLERK OF COURT TO SERVE PLAINTIFF |
| Defendants. | ) |

On February 11, 2013, Plaintiff Wilson Gorrell ("Plaintiff") filed a First Amended Complaint. (Doc. 34). Because Plaintiff failed to comply with the Federal Rules of Civil Procedure and did not seek leave of the Court or obtain Defendants' consent prior to filing the amended complaint, the Court ordered that his First Amended Complaint be is stricken. (Doc. 37). Plaintiff now seeks reconsideration of the Court's order striking his First Amended Complaint. (Doc. 39 at 1).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" See Sequa Corp. v. GBJ

Corp., 156 F.3d 136, 144 (2d Cir. 1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted).  "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Id.

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law.  School District 1J, Multnomah County v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994).  In addition, there may be other highly unusual circumstances warranting reconsideration.  Id.  Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff argues his First Amended Complaint "was not entitled 'Motion to Amend' or 'Leave to Amend', and was intended to supplement the original complaint to provide two things: (1) clarification of a basic tenent of the complaint; and (2) an amended demand for judgment."  (Doc. 39 at 1).  He asserts this "was his first amended or supplemental complaint, and his intention to amend the relief requested was clear as was his desire to provide information . . . supported by documentation not previously available."  (Doc. 39 at 3).  With these arguments, Plaintiff has not carried his burden to present the Court with newly discovered evidence, identify a clear error or manifestly unjust decision by the Court, or identify a change in controlling law.  Rather, he simply disagrees with the Court's decision to strike his complaint, which does not support a request for reconsideration.  Westlands Water Dist., 134 F.Supp.2d at 1131.

Notably, a plaintiff is not permitted to supplement a pleading with additional exhibits/ evidence without permission of the Court.  See *Doe v. Yates*, 2009 U.S. Dist. LEXIS 104814 at *2 (E.D. Cal. Nov. 10, 2009) (citing Local Rule 220 [A first amended complaint must be "complete in itself without

reference to the prior or superceded pleading." ]). As explained previously by the Court, if Plaintiff desires to file a First Amended Complaint, requested pleading amendments must be made either through a stipulation or motion to amend. Fed. R. Civ. P. 15(a)(2). Thus, if Plaintiff is unable to obtain a stipulation from Defendants to file his amended complaint, he may file a motion to amend the pleadings, at which time the Court will consider whether Plaintiff demonstrates good cause to file the amended pleading. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (explaining an party must demonstrate good cause when filing an amended complaint after a pleading amendment deadline set by the Court's scheduling order has expired).

Plaintiff also requests clarification of the Court's order striking his First Amended complaint. (Doc. 39 at 1). In error, the Court observed "Defendants filed an answer to Plaintiff's Second Amended Complaint on August 6, 2012." (Doc. 37 at 1). However, Plaintiff has not filed an amended complaint. Defendants filed an answer to the operative complaint filed by Plaintiff on March 9, 2012. Because of the confusion caused by its error, the Court will grant Plaintiff's request for a printed copy of the docket.

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Plaintiff's request for reconsideration is **DENIED**;
2. Plaintiff's request for a copy of the Court's docket is **GRANTED**; and
3. The Clerk of Court SHALL provide a copy of the Court's docket to Plaintiff.

IT IS SO ORDERED.

Dated: **March 26, 2013**                    /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE