# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON GORRELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THOMAS SNEATH, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-0554 - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 40) |

　　　　On March 14, 2013, Plaintiff Wilson Gorrell ("Plaintiff") filed motion for appointment of counsel, asserting he "has no legal training, is limited in his access to the federal prisons' law library, has no access to either California statutes or case law, and is faced with a complex highly technical case." (Doc. 40 at 1). In addition, Plaintiff asserts he is "charged with the task of dealing with very complicated issues during jury trial which will consist in large part of conflicting technical, scientific and medical testimony by competing experts so as to require a high degree of skill in the gathering and presentation of evidence and the examination and cross examination of witnesses." *Id.*

　　　　In most civil cases, there is no constitutional right to counsel in most civil cases, but the Court may request an attorney to represent indigent persons. 28 U.S.C. § 1915(e)(1). The Court cannot *require* representation of a plaintiff pursuant to 28 U.S.C. § 1915. *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). Nevertheless, in "exceptional circumstances,"

1

the Court has discretion to request the voluntary assistance of counsel. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

To determine whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted). Here, Plaintiff has demonstrated he is able to respond to the Court's orders and meet deadlines set by the Court. In addition, Plaintiff is very articulate and able to state his position in an intelligible manner before the Court. Further, at this early stage in the proceeding, the Court is unable to make a determination that Plaintiff is likely to succeed on the merits. Therefore, the Court does not find the required exceptional circumstances <u>at this time</u>.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's motion for the appointment of counsel (Doc. 40) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated:   **April 12, 2013**           /s/ Jennifer L. Thurston
                                                  UNITED STATES MAGISTRATE JUDGE