UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON GORRELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS SNEATH, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-0554 - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT AN EXPERT<br><br>(Doc. 47) |

　　　　Wilson Gorrell ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this action against National Toxicology Laboratories, Inc. ("NTL") and two of its employees, Thomas Sneath and Hasmukh Shah ("Defendants"). Plaintiff seeks the appointment of a forensic toxicologist expert in this action. (Doc. 47). Defendants filed their opposition to the motion on May 23, 2013 (Doc. 50), to which Plaintiff filed a reply on June 12, 2013 (Doc. 52). For the following reasons, Plaintiff's request for appointment of an expert is **DENIED**.

I.　　**Background**

　　　　Plaintiff asserts that his medication taken for a medical condition caused a false positive in a urine specimen tested for cannabinoids. (Doc. 1 at 1). He contends Defendants "failed to adhere to strict and exacting requirements for testing before certifying a specimen as positive for illicit drug use" and incorrectly informed the institution at which he is housed that the medication had no effect on the positive result. *Id.* at 3. On April 27, 2012, the Court screened Plaintiff's complaint pursuant to 28

U.S.C. § 1915, and determined Plaintiff stated cognizable claims for negligence and defamation. (Doc. 7). Plaintiff chose to proceed on these claims against Defendants, who filed their answer on August 6, 2012. (Doc. 18).

## II.     Appointment of an Expert

The Court is authorized to appoint an expert witness and allocate the fee between the parties pursuant to Rule 706 of the Federal Rules of Evidence. Appointment of an expert may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue. . . ." *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997); *see also* Fed. R. Evid. 702. Accordingly, the purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party. *See Gamez v. Gonzale*, 2010 WL 2228427, *1 (E.D. Cal. June 3, 2010) ("Rule 706 does not contemplate the appointment of, and compensation for, an expert to aid one of the parties") (citation omitted).

Importantly, these principals are not altered when the Court authorizes a party to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). As the Fifth Circuit explained, "The plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995). An indigent prisoner must bear the costs of litigation, including fees for his witnesses. *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (explaining the use of public funds on behalf of an indigent witness is proper only when authorized by Congress, and 28 U.S.C. § 1915 "does not waive payment of fees or expenses for . . . witnesses"). Nevertheless, when one party is indigent, the Court has discretion to apportion the entirety of an expert fee to the other party. *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated and remanded on other grounds by Helling v. McKinney*, 502 U.S. 903 (1991).

## III.    Discussion and Analysis

As explained above, the Court is not authorized to appoint an expert witness for Plaintiff. To determine whether the appointment of a neutral expert is appropriate, a primary consideration is whether such an expert "will promote accurate factfinding." *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1179 (E.D. Cal. 2011) (citation omitted). In addition, the Court should consider "a party's ability to obtain [an] independent opinion" and "whether a party's capacity to acquire expert testimony is limited

due to factors outside of his control, including whether he is indigent or incarcerated." *Id.* at 1184.

In this case, Plaintiff alleges the medication he was prescribed caused false results in a urine test for cannabinoids. (Doc. 1 at 1). Plaintiff alleges Defendants erroneously told his institution that the medication did not affect the test results. *Id.* at 3. Accordingly, Plaintiff's claims are premised on the fact that his medication could cause a positive result in his urine sample and Defendants negligently handled his sample.[1] Plaintiff asserts he has been unable to secure an expert witness willing to assist him by filing a list of those whom he has contacted.[2] (Doc. 41 at 33-39)

Although an expert may testify as to what effect, if any, Plaintiff's medication could have upon cannabinoid testing, Defendants have identified a forensic toxicologist who offers this information for the Court's consideration. (*See* 51-4). Though Plaintiff, seemingly, disagrees with the conclusions offered by this expert, the Court has been presented no reliable basis to conclude the expert's opinions are not based upon legally acceptable grounds. Further, the forensic toxicologist provides information regarding the testing standards used by National Toxicology when performing the testing on Plaintiff's sample. As a result, it does not appear appointment of a neutral expert is necessary to assist the finder of fact on these issues. Therefore, the Court remains unconvinced that it is necessary to appoint a neutral expert to accurately determine the facts material to summary judgment.

## IV.  Conclusion and Order

As explained above, the Court is not authorized to appoint an expert to advocate on Plaintiff's behalf. Because the circumstances of this case demonstrate the appointment of a neutral expert is not appropriate, the Court is not obligated to locate and appoint a neutral expert. *See Strain v. Sandham*, 2007 U.S. Dist. LEXIS 84688 (E.D. Cal. Oct. 31, 2007).

///

///

///

---

[1] This assertion is contrary to the report provided by Plaintiff's former treating physician, Timothy Price, who provided a letter on Plaintiff's behalf which was filed with the complaint, and who noted that the medication Plaintiff was taking is capable of being properly excluded from drug testing when he asserted the medication "must have gas chromatography/mass spectrometry testing to accurately determine use of cannaboids." (Doc. 1-1 at 21-22).

[2] The Court is perplexed why Plaintiff has not called upon Dr. Price or Dr. Graham, who have demonstrated willingness to offer opinions about Plaintiff's care and the accuracy of drug-testing procedures.(Doc. 1-1 at 21-22; Doc. 40 at 15-20)

1    Based upon the foregoing, **IT IS HEREBY ORDERED**: Plaintiff's motion for the appointment
2  of an expert (Doc. 47) is **DENIED without prejudice**.

4  IT IS SO ORDERED.

5    Dated:  **July 3, 2013**                **/s/ Jennifer L. Thurston**
6                                            UNITED STATES MAGISTRATE JUDGE