1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11    WILSON GORRELL,                              )    Case No.: 1:12-cv-0554 - JLT
                                                   )
12              Plaintiff,                          )    ORDER DENYING PLAINTIFF'S MOTION FOR
                                                   )    CLARIFICATION OF THE COURT'S ORDER
13         v.                                       )
                                                   )    (Doc. 69)
14    THOMAS SNEATH, et al.,                        )
                                                   )
15              Defendants.                         )
                                                   )

16

17         On March 14, 2013, Plaintiff Wilson Gorrell ("Plaintiff") filed a motion seeking clarification of

18    the Court's order denying appointment of an expert.  (Doc. 69).  Plaintiff seeks information regarding

19    the use of experts, and whether there is "some other way to satisfy the requirements for an expert

20    witness without requiring their appearance in Court."  *Id.* at 2.  Specifically, Plaintiff requests that the

21    Court "explain how he can call upon Dr. Price and/or Dr. Graham, and . . . accomplish the goal of

22    permitting their opinions and assistance to be heard and included."  *Id.*

23         Importantly, however, the Supreme Court has made clear that "judges have no obligation to act

24    as counsel or paralegal to pro se litigants."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  A litigant "does

25    not have a constitutional right to receive personal instruction from the trial judge."  *Id.*  In addition, the

26    the Constitution "require judges to take over chores for a pro se [litigant] that would normally be

27    attended to by trained counsel as a matter of course."  *Id.* (internal citations omitted); *see also Martinez*

28    *v. Court of Appeal of Cal., Fourth Appellate Dist.,* 528 U.S. 152, 162 (2000).

1

1    While the Court recognizes the challenges Plaintiff faces as a pro se litigant, offering the

2  specific information requested by would undermine the judge's role as an impartial decision-maker.

3  *See Plier*, 542 U.S. at 231.  Accordingly, Plaintiff is referred to the Federal Rules of Evidence 702-705

4  and the Federal Rules of Civil Procedure 26, which govern the use of experts and the submission of

5  their testimony for the Court's consideration.  Plaintiff's motion for clarification is **DENIED**.

6

7  IT IS SO ORDERED.

8     Dated:    **July 19, 2013**                          **/s/ Jennifer L. Thurston**
9                                                              UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2