UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON GORRELL, ) | Case No.: 1:12-cv-0554 - JLT |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S SECOND |
| ) | MOTION FOR APPOINTMENT OF COUNSEL |
| v. ) | |
| ) | (Doc. 73) |
| THOMAS SNEATH, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

On July 29 2013, Plaintiff Wilson Gorrell ("Plaintiff") filed his second motion for appointment of counsel. (Doc. 73). According to Plaintiff, "Counsel is essential for trial preparation and the preparation of Plaintiff's witnesses, evaluation of the evidence, examination and cross examination of witnesses." *Id.* at 3. Plaintiff asserts he "doesn't even have access to California statutes or case law which are a major component of the case and the legal issues to be decided." *Id.* Plaintiff believes that as long as he is without counsel, "Defendants will not engage in a real discussion of a settlement." *Id.*

As the Court informed Plaintiff previously, in most civil cases, there is no constitutional right to counsel in most civil cases, but the Court may request an attorney to represent indigent persons. 28 U.S.C. § 1915(e)(1). The Court cannot require representation of a plaintiff pursuant to 28 U.S.C. § 1915. *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in "exceptional circumstances," the Court has discretion to request the voluntary assistance of counsel. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

1

To determine whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).  In this case, Plaintiff has demonstrated he is able to respond to the Court's orders and meet deadlines set by the Court.  In addition, Plaintiff is very articulate and able to state his position in an intelligible manner before the Court.  Discovery has been reopened to allow Plaintiff to propound interrogatories upon Defendants (Doc. 61) and make a Rule 26 expert disclosure (Doc. 72).  At this stage in the proceeding, the Court is unable to make a determination that Plaintiff is likely to succeed on the merits.  Consequently, the Court does not find the required exceptional circumstances for appointment of counsel at this time.  Moreover, at this time, the Court is not aware of any attorney willing to accept this case.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's second motion for the appointment of counsel (Doc. 73) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated:   **July 30, 2013**          /s/ **Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE