UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON GORRELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS SNEATH, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-0554 - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY THE PROCEEDINGS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO POSTPONE THE TRIAL DATE<br><br>(Doc. 77) |

Wilson Gorrell ("Plaintiff") requests the Court "postpone the trial date" and enter "a short temporary stay of the proceedings." (Doc. 77). For the following reasons, Plaintiff's motions are **DENIED**.

**I.  Procedural History**

Plaintiff, an inmate currently incarcerated at Federal Satellite Low in Jesup, Georgia, initiated the action by filing a complaint against National Toxicology Laboratories, Inc. ("National Toxicology") and two of its employees on March 9, 2012. (Doc. 1). Plaintiff alleged medication he was taking caused his urine specimen to test positive for cannabinoids in a Gas Chromatography and Mass Spectrometry ("GC/MS") test performed at National Toxicology. (*Id.* at 1). In addition, Plaintiff alleged Defendants "failed to adhere to strict and exacting requirements for testing before certifying a specimen as positive for illicit drug use" and incorrectly informed Federal Satellite Low that his medication had no effect on the positive result. (*Id.* at 3). Plaintiff asserted Defendants were liable for

1 several torts including negligence, intentional infliction of emotional distress, breach of contract, breach
2 of fiduciary duty, defamation, libel, slander, and personal injury.

3       On April 10, 2012, the action was transferred from the Southern District of Georgia to the
4 Eastern District of California (Doc. 3), thereby initiating the action before this Court. Because Plaintiff
5 requested to proceed *in forma pauperis*, the Court screened Plaintiff's complaint pursuant to 28 U.S.C.
6 § 1915 to determine whether he stated cognizable claims on April 27, 2012. (Doc. 3). The Court found
7 Plaintiff stated cognizable claims for negligence and defamation only, and he informed the Court that
8 he wished to proceed on these clams on May 9, 2012. (Doc. 10). Defendants filed their answer to the
9 complaint on August 6, 2012. (Doc. 18).

10       On January 4, 2013, Plaintiff filed a "Scheduling Report." (Doc. 29). In this statement, Plaintiff
11 reported he "expects to be released at the earliest in November, 2013 if he is given six months halfway
12 house confinement." (*Id.* at 14). Plaintiff explained if he was not given a halfway house confinement,
13 he would "not be released until sometime in May, 2014." (*Id.*) Plaintiff asserted that "as a result of his
14 continued incarceration[,] attendance at trial could not be before June, 2014." (*Id.*) At the scheduling
15 conference held on January 23, 2013, the Court explained it could order Plaintiff be produced for trial.
16 Therefore, the pre-trial conference was set for November 1, 2013, with the trial commencing December
17 10, 2013. (Doc. 32 at 1).

18       On August 12, 2013, Plaintiff filed the motion now before the Court, asserting he will begin a
19 six-month placement at a halfway house on November 14, 2013, though he "will remain in the custody
20 of the Bureau of Prisons until May 14, 2014." (Doc. 77 at 2). Plaintiff requests (1) a stay of the
21 proceedings from November 4, 2013 through December 10, 2013; and (2) postponement of the trial
22 until June 2014. (*Id.* at 7).

23 **II.     Motion to Stay**

24     **A.     Legal Standards**

25     The Supreme Court explained the "power to stay proceedings is incidental to the power inherent
26 in every court to control the disposition of the causes on its docket with economy of time and effort for
27 itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). To
28 evaluate whether to stay an action, the Court must the weigh competing interests that will be affected

by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55)).

The party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). The Supreme Court explained, "If there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. The decision whether to grant or deny a stay is committed to the discretion of the Court. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

**B.     Discussion and Analysis**

Plaintiff asserts he has "a halfway house release date of November 14, 2013 to the Volunteers of America Corporation (VOAC) in Baltimore, MD." (Doc. 77 at 1). According to Plaintiff, upon his arrival at VOCA, he will "be confined with no movement outside the premises for a minimum of two weeks." (*Id.* at 2) (emphasis omitted). Plaintiff reports he "will have no access to his case materials which must be shipped home prior to departure from Georgia until such time as he is permitted limited movement from VOAC." (*Id.*) He "plans on shipping the materials on November 4, 2013 and hopes he can access them around December 10, 2013." (*Id.* at 5). In an effort "to ensure no deadlines or responses are overlooked," Plaintiff requests "a stay from November 4, 2013 through December 10, 2013." (*Id.*)

Notably, no deadlines have been set by the Court for the period at issue, although the trial date is set for December 10, 2013. Given the procedural posture of the case—where discovery is closed aside from the exceptions ordered by the Court and the deadline for dispositive motions is quickly approaching—Plaintiff's request for a stay in the action is premature. Moreover, Plaintiff has not borne the burden of establishing a need for a stay, given the speculative nature of the dates alleged by Plaintiff for mailing and receiving his legal documents. Accordingly, Plaintiff's motion for a stay of the proceedings between November 4, 2013 and December 10, 2013 is **DENIED**.

### III. Motion to Postpone the Trial Date

#### A. Legal Standards

Because Plaintiff seeks a postponement of the trial date previously set by the Court in its Scheduling, the Court construes his motion as a motion to amend the scheduling order. Importantly, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (*quoting Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson* , 975 F.2d at 610. As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained: "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citing *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). The party requesting modification of a scheduling order may be required to show:

> (1) that []he was diligent in assisting the Court in creating a workable Rule 16 order, (2) [his] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding …efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that []he was diligent in seeking amendment of the Rule 16 order, once it become apparent that []he could not comply with the order.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal citations omitted).

#### B. Discussion and Analysis

Plaintiff seeks to amend the Court's scheduling order to postpone the trial until June 2014 when he is no longer in the custody of the Bureau of Prisons ("BOP"). (Doc. 77 at 2). He asserts that issuing a writ of habeas corpus ad testifandum while he in the halfway house will result in him "being placed in custody again as soon as he is released." (*Id.*) Plaintiff notes that it is the BOP's policy "to **always**

4

consider requesting a **postponement**" "when a writ is issued within twelve months of the prisoners (sic) release." (*Id.*) (emphasis in original). According to Plaintiff: "It's very likely that on issuing the writ the Plaintiff will be taken into custody and held until the trial is postponed sometime after May 14, 2013. Plaintiff believes there is a strong possibility he will be returned not to the halfway house in Baltimore but to prison in Jesup where he will then be held until May 14, 2014." (*Id.*)

Given the procedural posture of the case, through this motion Plaintiff seeks, essentially, a stay of the trial date until he is released from custody. Importantly, an anticipated release from custody is not a proper basis for a staying the proceedings. *See, e.g., Lewis v. Kibler,* 2013 U.S. Dist. LEXIS 37251 at *2 (E.D. Cal. Mar. 18, 2013); *Mitchell v. Williams*, 2012 U.S. Dist. LEXIS 161361 at *1-2 (E.D. Cal. Nov. 9, 2012) (denying the plaintiff's request to stay the action "to enable him to obtain assistance with 'his social, medical and legal endeavors' following his anticipated release from custody"); *Lewis v. Kibler,* 2013 U.S. Dist. LEXIS 37251 at *2 (E.D. Cal. Mar. 18, 2013).

Moreover, the circumstances to which Plaintiff directs the Court's attention are speculative at best. The BOP's policy is to *consider* requesting a postponement. There is no guarantee that the BOP will request a postponement. Further, the Court declines to hypothesize as to whether such a request for postponement of the trial, *if made* by the BOP, would be granted. Finally, the development of these matters could "have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *See Jackson*, 186 F.R.D. at 608. Though Plaintiff requested a much later trial date at the time of the scheduling conference, he chose to move forward with his case after the Court refused that request, despite knowing at time that when it came time for trial, he would be transported away from his place of compelled housing.

Though the Court is sympathetic to the apparent Hobson's choice he must make now, Plaintiff chose to initiate this case when he did rather than closer to the expiration of the statute of limitations and has chosen to continue to pursue it without, apparently, giving thought to dismissing it and refiling it later, within the statute of limitations period. That Plaintiff speculates he may be returned to custody once trial is concluded, this is a consequence of his decisions. Unfortunately, these decisions mean also that the case is nearly ready for trial and Plaintiff has offered no explanation why Defendants' are not entitled to have the matter concluded expeditiously.

Thus, Plaintiff's motion for a postponement of the trial date until after he is released from custody is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 15, 2013**                              /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE