1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11  WILSON GORRELL,                    )    Case No.: 1:12-cv-0554 - JLT
                                        )
12          Plaintiff,                  )    ORDER DENYING PLAINTIFF'S MOTION TO
                                        )    EXCLUDE EVIDENCE
13      v.                              )
                                        )    (Doc. 55)
14  THOMAS SNEATH, et al.,              )
                                        )
15          Defendants.                 )    ORDER DIRECTING DEFENDANTS TO AMEND
                                        )    THEIR NON-RETAINED EXPERT DISCLOSURE
16  _____

17          Wilson Gorrell ("Plaintiff") seeks to exclude testimony from Defendants' non-retained expert

18  witnesses Thomas Sneath and Hasmukh Shah, as well as exclude the contract between the Bureau of

19  Prisons and National Toxicology Laboratories, Inc.  (Doc. 55).  Defendants filed their opposition to the

20  motion on July 11, 2013 (Doc. 67), to which Plaintiff filed a reply on August 5, 2013.  (Doc. 75).  For

21  the following reasons, Plaintiff's motion to exclude the evidence is **DENIED**.  However, Defendants

22  **SHALL** amend the non-retained expert disclosure.

23  **I.      Background**

24          Plaintiff, an inmate currently incarcerated at Federal Satellite Low in Jesup, Georgia, initiated

25  this action by filing his complaint against National Toxicology Laboratories and two of its employees

26  on March 9, 2012.  (Doc. 1).  Plaintiff alleged medication he was taking caused his urine specimen to

27  test positive for cannabinoids in a Gas Chromatography and Mass Spectrometry ("GC/MS") test

28  performed at National Toxicology.  *Id.* at 1.  In addition, Plaintiff alleged Defendants "failed to adhere

1

to strict and exacting requirements for testing before certifying a specimen as positive for illicit drug use" and incorrectly informed Federal Satellite Low that his medication had no effect on the positive result. *Id.* at 3. Plaintiff asserted Defendants were liable for several torts including negligence, intentional infliction of emotional distress, breach of contract, breach of fiduciary duty, defamation, libel, slander, and personal injury.

On April 10, 2012, the action was transferred from the Southern District of Georgia to the Eastern District of California (Doc. 3), thereby initiating the action before this Court. Because Plaintiff requested to proceed *in forma pauperis*, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915 to determine whether he stated cognizable claims on April 27, 2012. (Doc. 3). The Court found Plaintiff stated cognizable claims for negligence and defamation only, and he informed the Court that he wished to proceed on these clams on May 9, 2012. (Doc. 10). Defendants filed their answer to the complaint on August 6, 2012. (Doc. 18).

## II.     Defendants' Non-Retained Expert Witnesses

### A.     Legal Standards

Under the Federal Rules, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. A party must disclose the identity of any expert witnesses, whether retained or non-retained, expected to testify at trial. Fed. R. Civ. P. 26(a)(2)(A). Disclosure of a non-retained expert "must state: (i) the subject matter on which the witness is expected to present evidence . . . ; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). A disclosure must be corrected "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

A party's failure to comply with the rules regarding expert witnesses exposes that party to sanctions under Federal Rule of Civil Procedure 37(c). The Ninth Circuit gives "wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)," which "gives teeth" to the disclosure

1    requirements.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)

2    (citing *Ortiz- Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico*, 248 F.3d

3    29, 34 (1st Cir. 2001)).  This rule provides that a party who fails to provide required information "is not

4    allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial,

5    unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

6        **B.    Discussion and Analysis**

7        Defendants Sneath and Shah were disclosed as non-retained experts on May 30, 2013.  (Doc. 55

8    at 17-18).  The disclosure statements provided that Sneath and Shah:

9    > will testify regarding his involvement in the GC.MS process and analysis of plaintiff's
10   > sample in June of 2011, his communications with Federal Bureau of Prisons staff, his
     > understanding of the medications being taken by plaintiff in June of 2011 and whether
11   > such medications can cause a "false positive" to be reported following GC/MS testing
     > and analysis, and all percipient knowledge and memory he has of the facts involved in
12   > this lawsuit, the standard of care, whether or not the GC.MS analysis of plaintiff's sample
     > in June of 2011 was affected, tainted, or compromised in any way by any "carryover"
13   > effect from samples analyzed prior to the sample in question, and the methodology used
     > by defendants in analyzing Mr. Gorrell's urine sample in question in June of 2011, and
14   > any all other percipient knowledge and involvement he may have had with regard to the
     > facts and issues presented in plaintiff's Complaint.

15   *Id.*  Plaintiff contends "the non-expert disclosures fail to comply with the requirements of Rule 26."

16   (Doc. 55 at 7) (citing, *e.g.*, *United States v. Sierra Pac. Indus.*, 2011 U.S. Dist. LEXIS 60372, 2011 WL

17   2119078, at *2 (E.D. Cal. May 26, 2011); *Pineda v. City  & Cnty of San Francisco*, 280 F.R.D. 517,

18   523 (N.D. Cal. 2010).  He argues the expert disclosures "include no facts to which the Plaintiff can

19   refer to in preparation of discovery going forward."  *Id.* (emphasis omitted).  Rather, Plaintiff asserts

20   the "disclosures are simply a resitation (sic) of general topics."  *Id.*  As a result, Plaintiff argues the

21   testimony of Sneath and Shah should be excluded pursuant to Rule 37.  *Id.* at 7-8.

22       Opposing the issuance of sanctions, Defendants contend the disclosure "met the requirements of

23   Rule 26."  (Doc. 67 at 2).  Defendants argue the disclosures "state both the subject matter on which the

24   non-retained experts will testify as well as a summary of the facts and opinions that these non-retained

25   experts intend to testify to."  *Id.*  According to Defendants, "Providing further information from the

26   non-retained designated experts, as plaintiff argues was required in his motion, would be akin to

27   converting a non-retained, non-reporting expert witness into an expert witness that is required to submit

28   a detailed expert report."  *Id.*

As Plaintiff observes, in *Pineda* the court found a party's non-retained expert disclosure failed to comply with the requirements of Rule 26 because they "fail[ed] to include any facts on which their non-retained experts will rely, nor . . . state the opinions to which they are expected to testify." *Pineda*, 280 at 523. The plaintiff disclosed non-retained experts, and the supplemented the disclosure by stating the witnesses would "'present factual and opinion testimony on causation, diagnosis, prognosis, and extent of [the plaintiff's] disability' based upon the expert's treatment or radiological review of [his] medical records." *Id.* The court found the failure to comply was not harmless because the lack of information undermined the defendant's "ability to meaningfully depose or cross-examine these witnesses," and the plaintiff made the supplemental disclosure "two weeks after the expert disclosure deadline." *Id.*

In this case, although the defendants identified the general topics to which they would testify, they failed to provide any facts or opinions regarding these topics. For example, Sneath and Shah report they will testify regarding "the methodology used by defendants in analyzing Mr. Gorrell's urine sample in question in June of 2011." (Doc. 55 at 17-18). In addition, the defendants report they would each testify as to "his understanding of the medications being taken by plaintiff in June of 2011 and whether such medications can cause a 'false positive' to be reported following GC/MS testing and analysis." *Id.* However, the defendants failed to identify the methodology used. Likewise, Sneath and Shah fail to disclose whether or not they believe Plaintiff's medical could cause a false positive, or not.

Because Defendants failed to disclose the facts and opinions to which they would testify, they have the burden to show "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c); *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). Plaintiff argues the issuance of sanctions is "self-executing" and appropriate because Defendants "exhibit blatant disregard for their obligations to fully disclosure information vital to the case." (Doc. 55 at 8) (citing *Yeti by Molly*, 259 F. 3d at 1106). However, Rule 37 requires a court to consider the harm, if any, caused by the failure to comply, and provides for alternative, lesser sanctions "instead of" exclusion. Fed. R. Civ. P. 37(c)(1); *see also Pineda*, 280 F.R.D. at 520 ("Limiting the automatic sanction to violations 'without substantial justification' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations.").

Here, Defendants contend "any . . . deficiencies are harmless given the Court's prior order" which extended the time for plaintiff to conduct expert discovery. (Doc. 67 at 5). Defendants argue this matter is distinguished from *Pineda* because "there is no harm to plaintiff should this Court find deficiencies in the expert witness designation of defendants as plaintiff can clarify any questions he may have as to the opinions of the non-retained expert witnesses or the facts relied upon by them to reach said opinions." *Id.* (citing *Pineda* 280 F.R.D at 521-22).

Importantly, Plaintiff possesses much of the information to which Sneath and Shah assert they will testify given their responses to Plaintiff's written discovery requests. The defendants provided information regarding their involvement with testing the urine sample. Shah reported he was the analyst, "performed the calibration in question," and "personally reviewed and certified the results for plaintiff's sample at issue." (Doc. 33 at 16). Sneath reported he had a "supervisory role in the confirmation of GC/MS testing, analysis, controls, review, etc.," which involved "responding to any questions or inquiries from Mr. Shah." *Id.* at 27.

Similarly, Plaintiff possesses information regarding the opinions of Sneath and Shah as to whether his medication would cause a false positive with GC/MS testing. In response to Plaintiff's written discovery, Shah reported anti-retroviral medications such as Plaintiff's would "not produce false positives on GC/MS tests." (Doc. 33 at 22). In response to an inquiry from Officer Goarcke, Sneath reported Plaintiff's medication "would not provide a false positive result at the lab." (Doc. 1 at 5; *see also* Doc. 33 at 29-30). Responding to Plaintiff's Interrogatory No. 3, Sneath reported he was "only aware of the potential for false positives for cannabinoids on some immune-assay tests when a patient is regularly taking anti-retroviral drugs" and "[s]uch false positives do not occur when an a suspected sample, such as [Plaintiff's], is tested through the GC/MS process." (Doc. 33 at 28). In addition, Shah reported he did not believe Plaintiff's urine sample was contaminated by prior samples in response to Interrogatory No. 2: "[T]here is no potential for interfering substances to contaminate the analysis performed or effect of carryover that could occur between aliquots." (*Id.* at 17).

**C.    Conclusion**

Given that many of the facts and opinions to which Sneath and Shah expect to testify have been divulged in the course of discovery, failure to include this information in the non-expert disclosure is

harmless.  Moreover, the Court extended the time for Plaintiff to propound interrogatories, and ordered the defendants to respond to the interrogatories.  (Doc. 61 at 2).  Thus, exclusion of the testimony is not an appropriate sanction, and Plaintiff's motion is **DENIED**.  However, Defendants **SHALL** amend the disclosure to include information regarding the facts and opinions to which they will testify.

### III.    Bureau of Prisons Contract

Plaintiff seeks to preclude Defendants from using the contract between the Bureau of Prisons and National Toxicology Laboratories, Inc. as evidence in this action.  (Doc. 55 at 9).  According to Plaintiff, after the Court ordered the contract be produced, "Defendants . . . provided thirty-six (36) pages claiming it to be the contract requested."  *Id.*  However, Plaintiff contends "the contract actually consists of one hundred and fourteen (114) pages."  *Id.*  Plaintiff seeks exclusion of the evidence based upon Defendants' failure to produce the document.

#### A.    Rule 37 and failure to comply with the Court's order

Pursuant to the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders."  Fed. R. Civ. P. 37(b).  The Ninth Circuit explained that Rule 37 "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules."  *Wyle v. R. J. Reynolds Indus., Inc.*, 709 F.2d 857, 589 (9th Cir. 1983) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)).  Notably, "sanctions may be imposed even for negligent failure to provide discovery."  *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1343 (9th Cir. 1985) (citing *Lew v. Kona Hospital*, 754 F.2d 1420, 1427 (9th Cir. 1985); *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978)).

#### B.    Discussion and Analysis

Defendants contend they "disclosed <u>all</u> of the contract documents that were held in defendants' custody, possession, and control in prior discovery responses."  (Doc. 67 at 6) (emphasis in original). In addition, Defendants assert the request for relief is moot because Plaintiff "has possession of all 114 claimed pages of the contract."  *Id.*  Indeed, Plaintiff admits he has obtained the full contract from the Bureau of Prisons, but asserts the motion to exclude should be granted given Defendants' failure to produce the contract in its entirety.  (Doc. 75 at 4; Doc. 76 at 3).

Significantly, when producing the contract pursuant to the Court's order, Defendants certified that they "conducted a good faith search of potentially responsive documents in its possession, custody, and/or control," and were providing a "copy of responsive documents . . ., including amendments, that are in the custody, possession, and/or control of the responding party." (Doc. 68-2 at 3).  Based upon this certification, it does not appear Defendants violated the Court's order to produce the contract with the Bureau of Prisons.  Accordingly, Rule 37 sanctions are not appropriate, and Plaintiff's motion to exclude the evidence is **DENIED**.

**IV.**　　**Conclusion and Order**

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1.　　Plaintiff's motion to exclude the testimony of Defendants' non-retained experts is **DENIED**;

2.　　Plaintiff's motion to exclude the contract is **DENIED**; and

3.　　Defendants **SHALL** amend the disclosure of the non-retained experts to include the facts and opinions to which defendants Sneath and Shah are expected to testify no later than **September 15, 2013**.

IT IS SO ORDERED.

Dated:　　**August 26, 2013**　　　　　　　　　**/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

7