UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON GORRELL,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS SNEATH, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-0554 - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 90) |

    Plaintiff Wilson Gorrell ("Plaintiff") filed a motion seeking to have the Court "postpone the trial date" and enter "a short temporary stay of the proceedings." (Doc. 77). On August 15, 2012, the Court denied Plaintiff's motion. (Doc. 78). On September 4, 2013, Plaintiff filed a motion seeking reconsideration of the Court's order. (Doc. 90).

    Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by

the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id.

Reconsideration is appropriate when the Court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. School District 1J, Multnomah County v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). In addition, there may be other highly unusual circumstances warranting reconsideration. Id. Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff again contends his requests should be granted because the BOP has a policy to request a postponement of the trial date. (Doc. 90 at 1-2). In addition, Plaintiff maintains a stay should be entered to preclude any proceedings between November 4, 2013 and December 10, 2013. Id. at 2-3. Notably, in support of his motion for reconsideration, Plaintiff has not identified newly discovered evidence, identified a clear error or manifestly unjust decision by the Court, or identified a change in controlling law. Again, the "facts" Plaintiff presents are speculative regarding what he believes may occur. Although the BOP may request a postponement of the trial, the Court declines to speculate whether the request will be granted or, even, what standing the BOP would have to appear in this matter and to make such a request. Plaintiff's disagreement with the Court, without more, is insufficient to support a request for reconsideration.[1] Westlands Water Dist., 134 F.Supp.2d at 1131.

In addition to seeking reconsideration, Plaintiff asserts "the Court should also consider issuing a stay pending the disposition of the § 2241 Habeas Petition which will be decided . . ." (Doc. 90 at 7). Because this is a new, unrelated request presented for the first time in conjunction with the motion for

---

[1] Nevertheless, the Court may adjust the scheduling order, including the trial date, sua sponte should it determine that this is necessary. However, the convenience of one party will rarely, if ever, be a reason for such an adjustment.

reconsideration, the Court declines to consider whether the stay should be entered pending resolution of Plaintiff's petition for writ of habeas corpus.  See Morales-Opett v. County of Fresno, 2008 U.S. Dist. LEXIS 94072, at* 16 (E.D. Cal. Nov. 8, 2008) ("reconsideration is not the place to raise new issues"); Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D. Del. 1990) (a motion for reconsideration should not be used "to argue new facts or issues").

For the foregoing reasons, Plaintiff's motion for reconsideration (Doc. 90) is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 5, 2013**                         /s/ Jennifer L. Thurston
                                                      UNITED STATES MAGISTRATE JUDGE