**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILSON GORRELL,<br><br>       Plaintiff,<br><br>   v.<br><br>THOMAS SNEATH, et al.,<br><br>       Defendants. | Case No.: 1:12-cv-0554 - JLT<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 92) |

    On July 29 2013, Plaintiff Wilson Gorrell ("Plaintiff") filed his second motion for appointment of counsel.  (Doc. 73).  Plaintiff asserts he "posed 25 interrogatories to each expert," and "Defendants and Counsel filed seventy-five objections." (Doc.93 at 3).  In essence, because Defendants objected to each interrogatory, Plaintiff contends the assistance of counsel is necessary to address the objections and compel further responses to discovery.  However, the time to do so has passed, as the deadline for filing non-dispositive motions related to expert discovery was August 30, 2013.  (Doc. 61 at 1).

    As the Court has informed Plaintiff, in most civil cases, there is no constitutional right to counsel in most civil cases, but the Court may request an attorney to represent indigent persons.  28 U.S.C. § 1915(e)(1).  The Court **cannot require representation** of a plaintiff pursuant to 28 U.S.C. § 1915.  *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in "exceptional circumstances," the Court has discretion to request the voluntary assistance of counsel.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

1

To determine whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).  In this case, Plaintiff has demonstrated he is able to respond to the Court's orders and meet deadlines set by the Court.  Further, Plaintiff is very articulate and able to state his position in an intelligible manner before the Court.  At this stage in the proceeding, the Court is unable to make a determination that Plaintiff is likely to succeed on the merits.  Consequently, the Court does not find the required exceptional circumstances for appointment of counsel at this time.  <u>Moreover, as the Court has informed Plaintiff, it is not aware of any attorney willing to accept appointment on this action</u>.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's third motion for the appointment of counsel (Doc. 92) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated:   **September 9, 2013**                           **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE