UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON GORRELL,<br><br>            Plaintiff,<br><br>    v.<br><br>THOMAS SNEATH, et al.,<br><br>            Defendants. | )  Case No.: 1:12-cv-0554 - JLT<br>)<br>)  ORDER DENYING PLAINTIFF'S REQUEST<br>)  FOR REVIEW AND INVESTIGATION<br>)  REGARDING DEFENDATS' OBSTRUTION OF<br>)  DISCOVERY AND MOTION FOR IMPOSITION<br>)  OF CASE DISPOSTIVE SANCTIONS<br>)<br>)  (Doc. 89) |

On September 3, 2013, Wilson Gorrell ("Plaintiff") requested "the Court . . . conduct a complete review and investigation into alleged obstruction by the Defendants as it pertains to discovery." (Doc. 89). In addition, Plaintiff seeks terminating sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. *Id.* at 2. For the following reasons, Plaintiff's motion is **DENIED**.

### I.     Investigation by the Court

Plaintiff seeks to have an "investigation" by the Court into Defendants' actions related to the discovery requests made by him. First of all, Plaintiff has filed numerous motions related to discovery in this action, and the Court is *well aware* of how the discovery has proceeded in this action given the motions and exhibits thereto. No investigation is warranted, and the Court declines to expend its limited judicial resources reviewing issues that have been addressed on previous occasions in motions related to discovery. Therefore, Plaintiff's request for an investigation is **DENIED**.

///

## II.     Rule 37 Sanctions

The Ninth Circuit has explained that Rule 37 "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R. J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)). Notably, "sanctions may be imposed even for negligent failure to provide discovery." *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1343 (9th Cir. 1985) (citing *Lew v. Kona Hospital*, 754 F.2d 1420, 1427 (9th Cir.1985); *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978)).

Dispositive sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe," and "[o]nly willfulness, bad faith, and fault justify terminating sanctions." *Id.* at 1096; *see also Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (stating that where "the drastic sanctions of dismissal or default are imposed, . . . the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith"). Where sanctions are warranted, the Court is obligated to impose less than terminating sanctions. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987); *United States v. National Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir.1986) ("The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions").

In this case, Plaintiff feels Defendants have acted unfairly by waiting until the last minute to respond to discovery request, objecting to his interrogatories and requests for production of documents, and declining to respond to expert discovery until the defendants were designated as experts.  However, none of these actions show a failure to comply with the rules of discovery or the Court's orders. Simply put, no matter the inconvenience to Plaintiff, Defendants are not obligated to act more quickly and are *entitled* to wait until the last day of discovery to respond or the last day to identify expert witnesses if they choose to do so; Plaintiff may do the same.

Because Defendants have complied with the rules governing discovery and the Court's orders, Plaintiff's motion for terminating sanctions pursuant to Rule 37 is **DENIED**.

### III.     Conclusion and Order

For the foregoing reasons, the Court declines to conduct any investigation into Defendants' actions related to discovery, and the imposition of sanctions is not appropriate. Accordingly, Plaintiff's motion is **DENIED**.

IT IS SO ORDERED.

Dated:    **September 9, 2013**                        **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE