**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILSON GORRELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS SNEATH, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-0554 - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY THE ACTION AND/OR CONSIDERATION OR TO STRIKE DEFENDANTS' SECOND MOTIONS FOR SUMMARY JUDGMENT<br><br>(Doc. 93) |

Plaintiff Wilson Gorrell ("Plaintiff") requests that the Court stay "any scheduling, action or consideration or in the alternative . . . strike" the Defendants' motion for summary judgment "until such time as several material substantive issues regarding discovery are resolved." (Doc. 93 at 1) (emphasis omitted).

The Supreme Court explained the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*,

300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55)).  The party seeking a stay "bears the burden of establishing its need."  *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). The Supreme Court explained, "If there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity."  *Landis*, 299 U.S. at 255.

In this case, Plaintiff contends a stay is necessary for the Court to resolve the following motions prior to adjudicating the motion for summary judgment: (1) Plaintiff's second motion to compel discovery, (2) Plaintiff's motion to exclude the non-retained expert witnesses and the contract between National Toxicology and the Bureau of Prisons, (3) Plaintiff's motion to permit expert witness testimony by "contemporaneous transmission" and (4) Plaintiff's motion for investigation and case dispositive sanctions.  (Doc. 93 at 2-3).

Recently, however, the Court has issued orders on three of these orders, and deferred ruling upon the motion to permit expert witness testimony until a determination is made regarding whether the expert designation satisfies the requirements of Rule 26 of the Federal Rules of Civil Procedure.  Defendants have filed a motion to strike Plaintiff's expert (Doc. 79), which will be considered by the Court as an evidentiary issue simultaneously with the motion for summary judgment.  The deadline for filing non-dispositive motions has passed (see Doc. 32 at 1; Doc. 61 at 1), and there are no other motions related to discovery before the Court in this action.

The decision whether to grant a stay is committed to the discretion of the Court.  *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).  Because Plaintiff has not carried his burden to demonstrate a stay is appropriate, his motion is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 9, 2013**                    **/s/ Jennifer L. Thurston**
                                                                                UNITED STATES MAGISTRATE JUDGE

2