UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON GORRELL,<br><br>   Plaintiff,<br><br> v.<br><br>THOMAS SNEATH, et al.,<br><br>   Defendants. | Case No.: 1:12-cv-0554 - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR HAIR ANALYSIS TOXICOLOGICAL TESTING AND ADMINISTRATION OF POLYGRAPH EXAMINATION<br><br>(Doc. 99) |

  Wilson Gorrell ("Plaintiff") requests that the Court order the Bureau of Prisons to (1) "[t]ake a hair sample for testing for THC metabolites by a lab designated by the Court" and (2) [d]esignate a polygraph examination agency to conduct a polygraph to include questions submitted by Defendants pertinent to the issue of any use of THC by the Plaintiff while in custody of the [Bureau of Prisons]." (Doc. 99 at 2).

  Significantly, the Bureau of Prisons is not a party in this action, and the Court does not have jurisdiction over non-parties in this action. *See Porter v. Jennings,* 2011 U.S. Dist. LEXIS 146198 at *3-4 (E.D. Cal. Dec. 20, 2011) (denying the plaintiff's request that the Court order the California Department of Corrections ("CDCR") permit a state-certified polygraph examination in part because the CDCR was not a party to the action and the Court lacked the jurisdiction to require the CDCR to act). Moreover, the Court cannot expend public funds without authorization by Congress. *Id.,* at *3 (citing *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989); *United States v. MacCollom*, 426 U.S.

317, 321, (1976)).  Because Congress has not authorized funds for testing such as requested by Plaintiff, his requests cannot be granted.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's motion for hair analysis toxicological testing and administration of a polygraph examination (Doc. 99) is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 16, 2013**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE