UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON GORRELL,<br><br>            Plaintiff,<br><br>    v.<br><br>THOMAS SNEATH, et al.,<br><br>            Defendants. | Case No.: 1:12-cv-0554 - JLT<br><br>ORDER DIRECTING THE CLERK TO NOT FORWARD PLAINTIFF'S NOTICE OF APPEAL TO THE NINTH CIRCUIT<br><br>(Doc. 104) |

Plaintiff filed a "Notice of Interlocutory Appeal" on September 16, 2013. (Doc. 104). Plaintiff seeks appellate review pursuant to 28 U.S.C § 1292 or, in the alternative, 28 U.S.C § 1291 of the Court's orders: (1) denying his motions to postpone the trial (Docs. 78, 91); (2) denying Plaintiff's motions for appointment of counsel (Docs. 45, 74, 94); (3) denying Plaintiff's second motion to compel discovery and motion to amend the scheduling order (Doc. 83); (4) denying Plaintiff's motion to exclude evidence (Doc. 82); (5) denying Plaintiff's motion to exclude the expert witness testimony and report of Darrell O. Clardy (Doc. 63); (6) denying Plaintiff's motion to appoint an expert (Doc. 62); and (7) granting in part and denying in part Plaintiff's first motion to compel discovery (Doc. 44).

For the following reasons, the Court directs the Clerk of Court to not forward the "Notice of Interlocutory Appeal" to the Ninth Circuit.

///

///

1

I. **Interlocutory Appeals**

The general rule is that an appellate court should not review a district court ruling until after entry of a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). The Supreme Court explained that the "policy against piece meal appeals . . . promotes judicial efficiency and hastens the ultimate termination of litigation." *United States v. Nixon*, 418 U.S. 683, 690 (1974) (citation omitted). Thus, interlocutory appeals are highly disfavored. *Id.* Nevertheless, the Supreme Court has recognized exceptions to allow appeals of decisions, which allow the Circuit courts "to hear interlocutory appeals of orders that (1) conclusively determine a disputed opinion, (2) resolve an important issue completely separate from the merits of the action, and (3) are effectively unreviewable on appeal from a final judgment." *United States v. Zone*, 403 F.3d 1101, 1106 (9th Cir. 2005) (citations and quotation marks omitted).

A. <u>Permissive Interlocutory Appeal</u>

Certification of interlocutory appeals is governed by 28 U.S.C. § 1292(b), which provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order . . .

Thus, a party seeking appeal under §1292(b) "must first obtain the consent of the trial judge." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978). The Supreme Court explained "th[e] screening procedure serves the dual purpose of ensuring that such review will be confined to appropriate cases and avoiding time-consuming jurisdictional determinations in the court of appeals." *Id.*

The party seeking appeal bears the burden of showing "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Coopers & Lybrand*, 437 U.S. at 475. Previously, this Court explained: "[I]t is generally accepted that 'questions of fact, questions as to how agreed-upon law should be applied to particular facts, or questions regarding the manner in which the trial judge exercised his or her discretion may not be properly certified for interlocutory review.'" *Meeker v. Belridge Water Storage Dist.*, 2007 U.S. Dist. LEXIS 22673, at *16 (E.D. Cal. March 13, 2007) (quoting 2. Fed. Proc., L. Ed., § 3:210).

B.  Appeals pursuant to 28 U.S.C. § 1291

Pursuant to 28 U.S.C. § 1291, the court of appeals has jurisdiction over "all final decisions of the district courts of the United States. . . except where a direct review may be had in the Supreme Court." Recently, this Court explained that "[a] 'final decision' in this context means, generally, an order of judgment or an order that otherwise closes the case in the district court." *Forte v. County of Merced*, 2013 U.S. Dist. LEXIS 90945, at *3 (E.D. Cal. June 27, 2013).

## II.  Discussion and Analysis

As an initial matter, Plaintiff may not obtain certification for an interlocutory appeal simply by filing a notice. *Volpicelli v. Palmer*, 2012 U.S. Dist. LEXIS 148531, at *4 (Dist. Nev. Oct. 16, 2012). Rather, to obtain this relief, Plaintiff "instead must file a motion complying with the requirements of Rule 7 of the Federal Rules of Civil Procedure." *Id.* Nevertheless, even if Plaintiff filed a motion for certification, he has not satisfied the requirements for an interlocutory appeal.

The issues of whether to appoint counsel or delay the trial date by amending the scheduling order are not issues "involving a controlling question of law." The Ninth Circuit explained that an issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (1982). The issues identified by Plaintiff fail to meet this standard.

In addition, Plaintiff asserts he seeks appellate review the Court's orders regarding discovery in this action. (Doc. 104 at 2-3). As explained by the Ninth Circuit, "[d]iscovery decisions are generally not final judgments that may be appealed under 28 U.S.C. § 1291." *United States v. Zone*, 403 F.3d 1101, 1106 (9th Cir. 2005) *Catlin v. United States*, 324 U.S. 229, 233 (1945). Rather, a final decision "is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin*, 324 U.S. at 233. Although Plaintiff contends the Court erred in its decisions, the denials of Plaintiff's motions to compel and exclude evidence do not determine a disputed issue, and his disagreement with the Court is not sufficient demonstrate a "substantial ground for difference." *Mateo v. M/S KISO*, 805 F. Supp. 792, 800 (N.D. Cal. 1992).

Moreover, the timing of Plaintiff's "Notice of Interlocutory Appeal" demonstrates an appeal is *not* likely to speed the termination of the litigation. The trial is scheduled to begin December 10, 2013.

(Doc. 32 at 1). Granting a request for a permissive appeal shortly before trial is unwise, because review at this juncture would severely delay the completion of the case. *See, e.g.,*, *Shurance v. Planning Control Int'l Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) (considering the fact that the trial was scheduled five months from the date of the order as part of the court's decision to deny a petition for leave to appeal under § 1292(b)); *Baranski v. Serhant*, 602 F.Supp. 33, 36 (D.C. Ill.1985) ("Delay is a particularly strong ground for denying appeal if certification is sought from a ruling made shortly before trial").

Finally, Plaintiff fails to demonstrate an appeal under §1291 is appropriate, because the Court has not issued a final judgment in the action. *See Forte*, 2013 U.S. Dist. LEXIS 90945, at *3; *Oppenheimer v. Los Angeles County Flood Control Dist.*, 452 F.2d 895 (1972). Further, Plaintiff fails to demonstrate the orders are not "collateral orders" which may be reviewed before final judgment.

**III.    Conclusion and Order**

Because Plaintiff's "Notice of Interlocutory Appeal" fails to meet the standards for appeals under 28 U.S.C. §§ 1291 and 1292, **IT IS HEREBY ORDERED** that the Clerk of Court not forward Plaintiff's notice of appeal to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   **September 19, 2013**              **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE