UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON GORRELL,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS SNEATH, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-0554 - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR STAY PENDING DISPOSITION OF HIS HABEAS CORPUS PETITION AND DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE<br><br>(Doc. 106) |

    Wilson Gorrell ("Plaintiff") seeks a stay of the action pending disposition of his Petition for Writ of Habeas Corpus, currently before the Eleventh Circuit Court of Appeals. (Doc. 106). In addition, Plaintiff seeks to have judicial notice taken of the petition and documents attached as part of an appendix to his petition. *Id.* at 2.

**I.    Request for Judicial Notice**

    The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of a court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236m 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*,

615 F.2d 736, 738 (6th Cir. 1980). However, here it is not clear whether Plaintiff seeks to have judicial notice taken of the fact that the documents exist, or the *facts* contained in documents. Further, Plaintiff has failed to explain why he seeks judicial notice of these documents. Accordingly, Plaintiff's request for judicial notice is **DENIED**.

## II.     Motion to Stay

The Supreme Court explained the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co*., 299 U.S. 248, 254-255 (1936). To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55)). The party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). The decision whether to grant a stay is committed to the discretion of the Court. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

In this case, Plaintiff contends a stay is appropriate "pending the disposition of the § 2241 Habeas Petition . . . in light of the fact that decision will be based on the veracity of the Defendants' claims and evidence." (Doc. 106 at 3) (citing *CollegeSource, Inc. v. AcademyOne, Inc.*, 2013 U.S. Dist LEXIS 53663 (S.D. Cal. Apr. 15, 2013). In *CollegeSource*, the district court noted the plaintiff filed a case against the same defendant in Pennsylvania, raising many of the same causes of action. *Id.* at *2-4. While the related action was pending in the Southern District, the Pennsylvania court granted a motion for summary judgment on all of the claims. *Id.* at *6. CollegeSource then appealed the Pennsylvania action to the Third Circuit. *Id.* Because the claims on appeal before the Third Circuit were "the same or similar to the causes of action filed" in the Southern District, the court noted "a reversal by the Third Circuit [would] affect the decision of this Court." *Id.* at *9.

In contrast, here the parties are not the same as in the action pending before the Eleventh

Circuit.  A decision by the Eleventh Circuit on Plaintiff's Petition for Writ of Habeas Corpus will not affect the decision of this Court, because there is no potential for issue or claim preclusion.  Because Plaintiff has not carried his burden to demonstrate a stay is appropriate, his motion is **DENIED**.

IT IS SO ORDERED.

Dated: **September 19, 2013**               **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE