UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON GORRELL,<br><br>      Plaintiff,<br><br>   v.<br><br>THOMAS SNEATH, et al.,<br><br>      Defendants. | Case No.: 1:12-cv-0554 - JLT<br><br>ORDER DIRECTING THE CLERK TO NOT FORWARD PLAINTIFF'S SECOND NOTICE OF INTERLOCUTORY APPEAL TO THE NINTH CIRCUIT<br><br>(Doc. 109) |

Plaintiff filed a second "Notice of Interlocutory Appeal" on September 20, 2013. (Doc. 109). Plaintiff seeks appellate review of the Court's orders (1) denying his request for review and investigation regarding Defendants' obstruction of discovery and motion for imposition of sanctions (Doc. 96) and (2) denying his motion to stay the action (Doc. 96).

For the following reasons, the Court directs the Clerk of Court to not forward Plaintiff's second "Notice of Interlocutory Appeal" to the Ninth Circuit.

I.  **Interlocutory Appeals**

The general rule is that an appellate court should not review a district court ruling until after entry of a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). The Supreme Court explained that the "policy against piece meal appeals . . . promotes judicial efficiency and hastens the ultimate termination of litigation." *United States v. Nixon*, 418 U.S. 683, 690 (1974) (citation omitted). Thus, interlocutory

appeals are highly disfavored. *Id.* Nevertheless, the Supreme Court has recognized exceptions to allow appeals of decisions, which allow the Circuit courts "to hear interlocutory appeals of orders that (1) conclusively determine a disputed opinion, (2) resolve an important issue completely separate from the merits of the action, and (3) are effectively unreviewable on appeal from a final judgment." *United States v. Zone*, 403 F.3d 1101, 1106 (9th Cir. 2005) (citations and quotation marks omitted).

Certification of interlocutory appeals is governed by 28 U.S.C. § 1292(b), which provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order . . .

Thus, a party seeking appeal under §1292(b) "must first obtain the consent of the trial judge." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978). The Supreme Court explained "th[e] screening procedure serves the dual purpose of ensuring that such review will be confined to appropriate cases and avoiding time-consuming jurisdictional determinations in the court of appeals." *Id.*

The party seeking appeal bears the burden of showing "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Coopers & Lybrand*, 437 U.S. at 475. Previously, this Court explained: "[I]t is generally accepted that 'questions of fact, questions as to how agreed-upon law should be applied to particular facts, or questions regarding the manner in which the trial judge exercised his or her discretion may not be properly certified for interlocutory review.'" *Meeker v. Belridge Water Storage Dist.*, 2007 U.S. Dist. LEXIS 22673, at *16 (E.D. Cal. March 13, 2007) (quoting 2. Fed. Proc., L. Ed., § 3:210).

**II.    Discussion and Analysis**

As an initial matter, Plaintiff may not obtain certification for an interlocutory appeal simply by filing a notice. *Volpicelli v. Palmer*, 2012 U.S. Dist. LEXIS 148531, at *4 (Dist. Nev. Oct. 16, 2012). Rather, to obtain this relief, Plaintiff "instead must file a motion complying with the requirements of Rule 7 of the Federal Rules of Civil Procedure." *Id.* Nevertheless, even if Plaintiff filed a motion for certification, he has not satisfied the requirements for an interlocutory appeal.

The issues related to discovery and staying the action do not "involv[e] a controlling question of

law." The Ninth Circuit explained that an issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (1982). The issues identified by Plaintiff fail to meet this standard.

A final decision "is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). As explained by the Ninth Circuit, "[d]iscovery decisions are generally not final judgments that may be appealed under 28 U.S.C. § 1291." *United States v. Zone*, 403 F.3d 1101, 1106 (9th Cir. 2005) *Catlin*, 324 U.S. at 233. Although Plaintiff contends the Court erred in its decisions denying an investigation into Defendants' discovery practices and denying a stay of the action, the denials of Plaintiff's motions do not determine a disputed issue, and his disagreement with the Court is not sufficient demonstrate a "substantial ground for difference." *Mateo v. M/S KISO*, 805 F. Supp. 792, 800 (N.D. Cal. 1992).

Moreover, the timing of Plaintiff's "Notice of Interlocutory Appeal" demonstrates an appeal is *not* likely to speed the termination of the litigation. The trial in this action is scheduled to begin on December 10, 2013. (Doc. 32 at 1). Granting a request for interlocutory appeal shortly before trial is unwise, because review at this juncture would delay the completion of the case. *See, e.g.*, *Shurance v. Planning Control Int'l Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) (considering the fact that the trial was scheduled to take place in five months as a reason to deny a petition for leave to appeal under §1292); *Baranski v. Serhant*, 602 F.Supp. 33, 36 (D.C. Ill.1985) ("Delay is a particularly strong ground for denying appeal if certification is sought from a ruling made shortly before trial").

### III.  Conclusion and Order

Because Plaintiff's second "Notice of Interlocutory Appeal" fails to meet the standards for interlocutory appeal, **IT IS HEREBY ORDERED** that the Clerk of Court not forward the "Notice of Interlocutory Appeal" to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   **September 23, 2013**          /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE